UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAFARAH BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRACY WHITE *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 15-cv-0805 (TSC) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia against employees of the Court Services and Offender Supervision Agency ("CSOSA"). On June 2, 2015, the United States Attorney for the District of Columbia removed the case to this Court upon certifying that the employees were acting in the scope of their employment as employees of the United States. (*See* ECF No. 1, Not. of Removal ¶ 3; ECF No.1-2); *Cooper v. Johnson*, 652 F. Supp. 2d 33, 37 (D.D.C. 2009) ("Notwithstanding its authority" over D.C. Code offenders, "CSOSA is a federal government entity").

On June 8, 2015, the United States filed a motion seeking to substitute the United States for defendant Tracy White and for dismissal of the claims against the United States pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

1

Procedure.[1] (ECF No. 5). On June 9, 2015, the court ordered Plaintiff to respond to the complaint by July 17, 2015 or risk dismissal of the complaint. (ECF No. 6). Plaintiff has neither responded nor requested additional time to respond.

Therefore Plaintiff has conceded Defendant's argument that this case presents a claim under the Federal Tort Claims Act, which can be brought only against the United States. (*See* ECF No. 5-1, Defs. Br. at 3-4); (ECF No. 6) (informing plaintiff that "the court may treat as conceded any unopposed arguments . . . advanced in support of [defendant's] motion"). Moreover, Plaintiff has conceded Defendant's argument that Plaintiff's failure to exhaust administrative remedies under the FTCA requires dismissal of the claim for want of subject matter jurisdiction. (Defs. Br. at 8-9); *see Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Accordingly, the court will dismiss this action as against the United States.

The United States has informed the court that the five remaining defendants, Shania Fennell, Antoinette Dent, Cedric L. Johnson, Felicia Wilson, and Marcia Davis are employees of "CSOSA," as is Defendant White. [2] (Defs. Br. at 1 n.1; ECF No. 1, Not. of Removal ¶ 3; ECF No.1-2). Nothing in Plaintiff's complaint, however, sets

---

[1] In its motion, the United States represented that Plaintiff has consented to substitution of Defendant Tracy White for the United States of America. (ECF No. 5-1, Defs. Br. at 1). Accordingly, the court hereby substitutes defendant White for the United States of America.

[2] In its brief, the United States asks the court to substitute the United States for these five defendants. (Defs. Br. at 4). Additionally, in its brief, the United States asks the court to dismiss the complaint with respect to these five defendants for failure to properly effectuate service of process. (*See id.* at 10-11). In its motion and proposed order, however, the United States does not request substitution of these five defendants or dismissal as to them. (*See* ECF No. 5, Defs. Mot.; ECF No. 5-3).

forth any facts regarding the role that these five defendants may have had in the incident that forms the basis of the complaint. Rather, Plaintiff simply alleges that

> The defendant Tracy White filed an incident report of Plaintiff, alleging the plaintiff for simple assault. The Plaintiff was falsely arrested without a warrant. A stay away/no contact order was issued.

(ECF No. 1-1, Complaint at ECF p. 2.)

The court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a). This minimum standard ensures that defendants receive fair notice of the claim being asserted so they may prepare a responsive answer and adequate defense, and assess whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted). Without any factual allegations that might suggest that these five defendants are liable for any alleged wrongs, the complaint does not meet the requirements of Federal Rule 8. Accordingly, the court will dismiss the claims asserted against defendants Fennell, Dent, Johnson, Wilson, and Davis without prejudice because Plaintiff's complaint as it relates to these defendants does not comply with the requirements of Rule 8(a).

The Clerk of the Court shall mail a copy of this Memorandum Opinion using a type written envelope to:

**ZAFARAH BEY**
322 Delafield Place, N.W. #3
Washington, DC 20011

Date: July 31, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge